

# T. A. Blackburn Law

TYRONE A. BLACKBURN

MEMBER OF
NY & NJ BAR

FEDERAL MEMBERSHIP
EDNY, NDNY, WDNY, SDNY, ILND & DNJ

1242 East 80th Street, 3rd Floor
Brooklyn, New York 11236

February 9, 2024

**Sent via mail**:
United States District Judge Denise L. Cote
Southern District Of New York
500 Pearl Street, Courtroom 18B
New York, New York 10007

Re: **Zunzurovski v. Fisher et al.; 1:23-cv-10881-DLC**

Dear Judge Cote,

My firm represents Aleksandar Zunzurovski ("Mr. Zunzurovski" or "Plaintiff") in the above-referenced case. I write in response to Defendant's counsel letter dated 2/9/2024. Before commencing these proceedings, I sent several letters and emails to the defendants in hopes of privately resolving this matter because the facts of this case are very damning for an attorney to have to endure. I gave them ample opportunities to discuss my client's irrefutable claims, and they ignored me. On November 15, 2023, the Defendant's counsel called me and was rude, condescending, and utterly disrespectful. As I attempted to explain my client's position, she told me to shut up and stop speaking.

Where I am from, respect is mandatory. I am a man first and a lawyer second. I do not and will not ever allow anyone to disrespect me.

After the Defendant's counsel disrespected me, I reminded her that I do not work for her. I am not one of her associates in her firm, and she will not, cannot, and better not ever disrespect me again. I then advised her that she could inform her clients that I would proceed and file, and they could thank her. I did not use the language she attributed to me, but I did hang up the phone.

For the following several days Defendants counsel sent me several emails essentially begging me not to file against her clients. My client asked that I hear her out, so I did. She informed me that her clients wanted to pursue mediation, and my client agreed. Diversity is essential to my client, so we selected several immensely qualified diverse mediators through JAMS. Defendants Counsel rejected them all. We chose:
- New York State Appellate Associate Justice Priscilla Hall
- New Your State Appellate Associate Justice Ariel Belen
- Federal District Judge James Ware
- Federal District Judge Vanessa Gilmore

 347-342-7432   tblackburn@tablackburnlaw.com  TABlackburnlaw.com

After several rounds of suggestions, she decided to make up this bogus arbitrary rule that the mediator must be a former New York Fed Judge. Well, ironically, all of JAMS' former NYS Fed Judge mediators are old white men. The excuse she gave to place a vail over this blatant bigotry is that the legal issues in this case are "specialized."

I do know what is so "specialized" about claims that her clients committed legal malpractice and stole funds. These issues are specific to the New York Federal Bench. Associate Justice's Hall and Belen spent years on the Appellate bench hearing attorney malpractice matters, as that is where these matters are handled once a grievance has been raised with the NYS Bar.

At the end of the day, this case could have been settled as early as December 2023 and as late as January 2024. Plaintiffs recommend mediators each had availability.

There is no need for a conference before Your Honor. Taking Defendant Fisher at her word, as she has produced no evidence to support that she lives in New Jersey, Plaintiff has voluntarily dismissed the case against Ms. Fisher without prejudice under Rule 41(a)(1)(A)(i) of the Federal Rules of Civil Procedure. Rule 41(a)(1)(A) is the only form of dismissal requiring no court action to be effective." *ISC Holding AG v. Nobel Biocare Fin. AG*, 688 F.3d 98, 111 (2d Cir. 2012). Indeed, "a voluntary dismissal under Rule 41(a)(1)(A) has automatic effect, absent the contrary operation of an applicable federal statute." *Samake v. Thunder Lube, Inc.*, 24 F.4th 804, 809 n.3 (2d Cir. 2022). As the Second Circuit has explained.

> So long as Plaintiff has not been served with his adversary's answer or motion for summary judgment, he need do no more than file a notice of dismissal with the Clerk. That document itself closes the file. There is nothing the Defendant can do to fan the ashes of that action into life, and the court has no role to play. This is a matter of right running to the Plaintiff and may not be extinguished or circumscribed by adversary or court. There is not even a perfunctory court order closing the file. Its alpha and omega were the doing of the Plaintiff alone.

*Thorp v. Scarne*, 599 F.2d 1169, 1176 (2d Cir. 1979) (emphasis and citation omitted).

Significantly, a voluntary dismissal without prejudice "vitiates and annuls all prior proceedings and orders in the case and terminates jurisdiction over it for the reason that the case has become moot." *U.S. D.I.D. Corp. v. Windstream Commc'ns, Inc.*, 775 F.3d 128, 134 (2d Cir. 2014) (brackets and citation omitted); *accord Youssef v. Tishman Constr. Corp.*, 744 F.3d 821, 823-24 (2d Cir. 2014) ("It is undisputed that the Plaintiff sought voluntary dismissal of the claim before any defendant filed an answer or motion for summary judgment A dismissal with prejudice, in this circumstance, constitutes grounds for vacatur and remand with instructions to correct the error."); *Gambale v. Deutsche Bank AG*, 377 F.3d 133, 139 (2d Cir. 2004) ("A judgment on the merits that is entered after the plaintiff has filed a proper Rule 41(a)(1) notice of dismissal is indeed void." (brackets and citation omitted)); *Alix v. McKinsey & Co.*, 470 F. Supp. 3d 310, 317



(S.D.N.Y. 2020) ("A stipulation of dismissal filed under Rule 41(a)(1)(A)(i) or (ii) is self-executing and immediately strips the district court of jurisdiction over the merits."

Here, Defendant Fisher has not been served. The Defendant's counsel has refused to waive service of process under Rule 4 of the FRCP. Defendant Fisher has not filed an answer in this case, so therefore Plaintiff is within his right to dismiss his case against her without prejudice voluntarily.

Plaintiff thanks the court for its time and consideration of this matter.

Respectfully submitted,

*Tyrone A. Blackburn, Esq.*
Tyrone A. Blackburn, Esq.

Cc: counsel of record via ECF.