```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------- X
                                         :    23cv10881(DLC)
ALEKSANDAR ZUNZUROVSKI,                  :
                                         :        ORDER
                         Plaintiff,      :
            -v-                          :
                                         :
LIANE FISHER, et al.,                    :
                                         :
                         Defendants.     :
                                         :
---------------------------------------- X
```

DENISE COTE, District Judge:

    This action was filed on December 14, 2023. A conference is scheduled for March 5, 2024.

    On February 1, 2024, plaintiff's counsel filed a letter accusing defendants' counsel of refusing to mediate with a mediator of color. The letterhead includes counsel's name and adds "Federal Membership: EDNY, NDNY, WDNY, SDNY, ILND & DNJ." The Clerk of Court does not have a record that Tyrone A. Blackburn is a member of this Court's bar.

    On February 9, defense counsel requested an immediate conference to discuss, <u>inter alia</u>, adverse counsel's abusive tactics and this Court's lack of subject matter jurisdiction over the case. Defense counsel also submitted an email exchange dated December 15, 2023, in which defense counsel advised plaintiff's counsel that there was not complete diversity of

citizenship between the parties because both plaintiff and defendant Fisher are domiciled in New Jersey.

Plaintiff's counsel then filed, on February 9, a purported notice of voluntary dismissal as to defendant Fisher as well as a letter addressing certain of the claims in defense counsel's letter. Because the notice of dismissal does not dismiss all of the parties or the action in its entirety, and was not signed by all parties who have appeared, it requires approval by the Court. See Fed. R. Civ. P. 41(1)(A)(i)(ii),(2).

Pursuant to Fed. R. Civ. P. 7.1 and to this Court's Individual Practices, § 5.B., in any action in which subject matter jurisdiction is founded on diversity of citizenship, the the party asserting the existence of such jurisdiction shall file on ECF a letter no longer than two pages explaining the basis for that party's belief that diversity of citizenship exists. In cases where any party is a limited partnership, the letter must state the citizenship of each of the entity's partners. It appears that plaintiff's counsel has filed at least five other actions in this district that have been dismissed for lack of jurisdiction or transferred or dismissed for lack of venue: 19cv11573, 20cv2598, 23cv3389, 23cv3919, 23cv4211.

Fed. R. Civ. P. 11(b) provides that by presenting a pleading, written motion, or other paper to the Court, an

2

attorney certifies that to the best of his or her knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, it is not being presented for any improper purpose, such as to harass; that the claims and other legal contentions are warranted by existing law; and that the factual contentions have evidentiary support. Fed. R. Civ. P. 11(c) provides that the Court may impose sanctions for violations of Rule 11(b), including but not limited to nonmonetary directives; an order to pay a penalty into court; or, if imposed after a show-cause order issued under Rule 11(c)(3) before voluntary dismissal or settlement of the claims, an order directing payment to the movant of part or all of the reasonable attorneys' fees and other expenses directly resulting from the violation.

If an attorney alleges jurisdiction "when reasonable inquiry would show that it did not exist, he may be held liable for sanctions substantial in amount." <u>Gutierrez v. Fox</u>, 141 F.3d 425, 427 (2d Cir. 1998). Further, this Court "may enforce Rule 11 even after the plaintiff has filed a notice of dismissal under Rule 41(a)(1)." <u>Cooter & Gell v. Hartmarx Corp.</u>, 496 U.S. 384, 395 (1990). Accordingly, it is hereby

ORDERED that plaintiff's counsel file by March 4, 2024 a letter explaining the basis for plaintiff's belief that

diversity of citizenship was present in this action on December 14, 2023.

IT IS FURTHER ORDERED that plaintiff's counsel shall show cause at the March 5, 2024 conference why Rule 11 sanctions should not be imposed on plaintiff's counsel, and why plaintiff's counsel should not be referred to the New York State Second Judicial Department Attorney Grievance Committee, for the following conduct:

- Failure to conduct a reasonable inquiry into the citizenship of defendants Liane Fisher and Fisher Taubenfeld, LLP ("NJ Defendants") prior to filing the complaint in this action on December 14, 2023

- Failure to conduct a reasonable inquiry into the NJ Defendants' citizenship prior to submitting the February 1, 2024 letter

- Failure to conduct a reasonable inquiry into the citizenship of defendant Fisher Taubenfeld, LLP prior to submitting the February 9, 2024 letter

- Falsely representing counsel's admission to practice in this Court

- Failure to move for admission pro hac vice or to associate with counsel admitted to practice in this Court

Dated:  New York, New York
        February 15, 2024

                                    _____
                                    DENISE COTE
                                    United States District Judge

4