UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------ X
                                   :         23cv10881(DLC)
ALEKSANDAR ZUNZUROVSKI,         :
                                   :           ORDER
                    Plaintiff,    :
              -v-                   :
                                   :
LIANE FISHER, et al.,         :
                                   :
                  Defendants.   :
                                   :
------------------------------------ X

DENISE COTE, District Judge:

     This action was filed on December 14, 2023.  On February 9,
defense counsel requested an immediate conference to discuss,
inter alia, adverse counsel's abusive tactics and this Court's
lack of subject matter jurisdiction over the case.  Defense
counsel also submitted an email exchange dated December 15,
2023, in which defense counsel advised plaintiff's counsel that
there was not complete diversity of citizenship between the
parties because both plaintiff and defendant Fisher are
domiciled in New Jersey.

     Fed. R. Civ. P. 11(b) provides that by presenting a
pleading, written motion, or other paper to the Court, an
attorney certifies that to the best of his or her knowledge,
information, and belief, formed after an inquiry reasonable
under the circumstances, it is not being presented for any
improper purpose, such as to harass; that the claims and other

legal contentions are warranted by existing law; and that the
factual contentions have evidentiary support.  Fed. R. Civ. P.
11(c) provides that the Court may impose sanctions for
violations of Rule 11(b), including but not limited to
nonmonetary directives; an order to pay a penalty into court;
or, if imposed after a show-cause order issued under Rule
11(c)(3) before voluntary dismissal or settlement of the claims,
an order directing payment to the movant of part or all of the
reasonable attorneys' fees and other expenses directly resulting
from the violation.

If an attorney alleges jurisdiction "when reasonable
inquiry would show that it did not exist, he may be held liable
for sanctions substantial in amount." Gutierrez v. Fox, 141
F.3d 425, 427 (2d Cir. 1998).  Further, this Court "may enforce
Rule 11 even after the plaintiff has filed a notice of dismissal
under Rule 41(a)(1)." Cooter & Gell v. Hartmarx Corp., 496 U.S.
384, 395 (1990).

As stated on the record at the conference held on March 5,
2024, the Court is considering imposing the following Rule 11
sanctions: referral to the New York State Second Judicial
Department Attorney Grievance Committee, referral to the
Grievance Committee for the Southern District of New York, and
an order directing payment to the defense of part or all of the

2

reasonable attorneys' fees and other expenses directly resulting from the violation.

At the March 5 conference, Plaintiff's counsel consented to dismissing the action.  Plaintiff's counsel also represented that plaintiff had told him that Fisher resided in New York. Accordingly, it is hereby

ORDERED that plaintiff's counsel file by March 19, 2024 a sworn affidavit by the plaintiff regarding the representation made by the plaintiff to counsel regarding Fisher's residence.

IT IS FURTHER ORDERED that plaintiff's counsel file a letter regarding counsel's compliance with the requirements of Rule 11, Fed. R. Civ. P. in the following cases:  19cv11573, 20cv2598, 23cv3389, 23cv3919, 23cv4211.

IT IS FURTHER ORDERED that this action is dismissed with prejudice.  This Court will retain jurisdiction over the issue of Rule 11 sanctions and sanctions to be imposed pursuant to the Court's inherent power.


Dated:    New York, New York
          March 5, 2024


                                    DENISE COTE
                          United States District Judge