

# T. A. Blackburn Law

TYRONE A. BLACKBURN

MEMBER OF
NY & NJ BAR

FEDERAL MEMBERSHIP
EDNY, NDNY, SDNY, ILND & DNJ

1242 East 80th Street, 3rd Floor
Brooklyn, New York 11236

March 7, 2024

United States District Judge Denise L. Cote
Southern District Of New York
500 Pearl Street, Courtroom 18B
New York, New York 10007

**Re: <u>Zunzurovski v. Fisher et al.; 1:23-cv-10881-DLC</u>**

Dear Judge Cote,

I respectfully submit this letter concerning the order the Court issued on March 6, 2024, dismissing Plaintiff Zunzurovskis's case *with prejudice*. I think the Court may have misinterpreted the Plaintiff counsel' voluntary dismissal of the remaining defendants from the action without prejudice under Rule 41(a)(1)(A)(i) of the Federal Rules of Civil Procedure, which occurred at the in-person hearing held on March 5, 2024. At the March 5, 2024, hearing, this writer informed the Court that Plaintiff will voluntarily dismiss this case against the remaining defendants, Michael J. Taubenfeld and Fisher Taubenfeld, LLP, so Plaintiff can immediately refile in state court.

The Plaintiff's voluntary dismissal of Defendant Fisher was pending before the Court as it was not a complete voluntary dismissal of the entire case. Defendants asked for leave to file a late answer or motion to dismiss; the Court denied that request because this writer stated that Plaintiffs would voluntarily dismiss this case with the intent of refiling the entire case in state court.

"the plaintiff may dismiss an action without a court order by filing . . . a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment." Fed. R. Civ. P. 41(a)(1)(A)(i). "Unless the notice or stipulation states otherwise, the dismissal is without prejudice. But if the Plaintiff previously dismissed any federal-or state-court action based on or including the same claim, a notice of dismissal operates as an adjudication on the merits." Fed. R. Civ. P. 41(a)(1)(B). This is known as the "two-dismissal rule." *See, e.g., Lin v. Shanghai City Corp.*, 950 F.3d 46, 50 (2d Cir. 2020) (per curiam); *Poloron Prods., Inc. v. Lybrand Ross Bros. & Montgomery*, 534 F.2d 1012, 1017 (2d Cir. 1976). *Honig v. Cohen*, No. 1:23-cv-10243 (JLR), 2024 U.S. Dist. LEXIS 16137, at *6 (S.D.N.Y. January 30, 2024).

Plaintiff Zunzurovskis's voluntary dismissal marked this matter's first and only voluntary dismissal in any forum. On his notice of voluntary dismissal against Defendant Fisher, Plaintiff indicated that the case was being voluntarily dismissed without prejudice so Plaintiff could refile in state

📞 347-342-7432   ✉ tblackburn@tablackburnlaw.com    TABlackburnlaw.com

1



court. As previously stated, the Plaintiff made the same claim on the record as it relates to the remaining defendants.

The Court does not have subject matter jurisdiction over this case based on Defendant Fisher's claim that she is domiciled in the State of New Jersey, and therefore, there is no complete diversity.

"The Court holds that it lacks jurisdiction here, and it denies Defendants' motion on that basis. The Court therefore does not — and cannot — reach the parties' other arguments.

Subject-matter jurisdiction is "the court's statutory or jurisdictional power to adjudicate the case." *Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 572 U.S. 118, 128 n.4, 134 S. Ct. 1377, 188 L. Ed. 2d 392 (2014) (emphasis and citation omitted). "Courts have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it." *Hertz Corp. v. Friend*, 559 U.S. 77, 94, 130 S. Ct. 1181, 175 L. Ed. 2d 1029 (2010). If a court lacks (or loses) subject-matter jurisdiction, "the court must dismiss the case or claim." *ABN Amro Verzekeringen BV v. Geologistics Ams., Inc.*, 485 F.3d 85, 94 (2d Cir. 2007); *see* Fed. R. Civ. P. 12(h)(3).

"Rule 41(a)(1)(A) is the only form of dismissal requiring no court action to be effective." *ISC Holding AG v. Nobel Biocare Fin. AG*, 688 F.3d 98, 111 (2d Cir. 2012). Indeed, "a voluntary dismissal under Rule 41(a)(1)(A) has automatic effect, absent the contrary operation of an applicable federal statute." *Samake v. Thunder Lube, Inc.*, 24 F.4th 804, 809 n.3 (2d Cir. 2022).

As the Second Circuit has explained:

> *So long as Plaintiff has not been served with his adversary's answer or motion for summary judgment, he needs to do no more than file a notice of dismissal with the Clerk.* That document itself closes the file. There is nothing the defendant can do to fan the ashes of that action into life, and the Court has no role to play. This is a matter of right running to the Plaintiff and may not be extinguished or circumscribed by an adversary or Court. There is not even a perfunctory order of the Court closing the file. Its alpha and omega was the doing of the Plaintiff alone.

*Thorp v. Scarne*, 599 F.2d 1169, 1176 (2d Cir. 1979) (emphasis and citation omitted).

Significantly, a voluntary dismissal without prejudice "vitiates and annuls all prior proceedings and orders in the case, and terminates jurisdiction over it for the reason that the case has become moot." *U.S. D.I.D. Corp. v. Windstream Commc'ns, Inc.*, 775 F.3d 128, 134 (2d Cir. 2014) (brackets and citation omitted); *accord Youssef v. Tishman Constr. Corp.*, 744 F.3d 821, 823-24 (2d Cir. 2014) ("It is undisputed that the Plaintiff sought voluntary dismissal of the claim before any defendant filed an answer or motion for summary judgment A dismissal with prejudice, in this circumstance, constitutes grounds for vacatur and remand with instructions to correct the error."); *Gambale v. Deutsche Bank AG*, 377 F.3d 133, 139 (2d Cir. 2004) ("A judgment on the





# T. A. Blackburn Law

merits that is entered after the plaintiff has filed a proper Rule 41(a)(1) notice of dismissal is indeed void." (brackets and citation omitted)); *Alix v. McKinsey & Co.*, 470 F. Supp. 3d 310, 317 (S.D.N.Y. 2020) ("A stipulation of dismissal filed under Rule 41(a)(1)(A)(i) or (ii) is self-executing and immediately strips the district court of jurisdiction over the merits." (citation omitted)). *Honig v. Cohen*, No. 1:23-cv-10243 (JLR), 2024 U.S. Dist. LEXIS 16137, at *7-9 (S.D.N.Y. January 30, 2024)".

Plaintiff respectfully requests that the Court amend its order from dismissing the case with prejudice to dismissal without prejudice so that Plaintiff can immediately refile in state court, as he expressed on the record during the March 5, 2024, hearing and in his notice of voluntary dismissal against Defendant Fisher.

Plaintiff thanks the Court for its time and consideration.

Respectfully submitted,

*Tyrone A. Blackburn, Esq.*
Tyrone A. Blackburn, Esq.

Cc: counsel of record via ECF.

 347-342-7432     tblackburn@tablackburnlaw.com      TABlackburnlaw.com

3