

# T. A. Blackburn Law

TYRONE A. BLACKBURN

MEMBER OF
NY & NJ BAR

FEDERAL MEMBERSHIP
EDNY, NDNY, SDNY, ILND & DNJ

1242 East 80th Street, 3rd Floor
Brooklyn, New York 11236

March 21, 2024

United States District Judge Denise L. Cote
Southern District Of New York
500 Pearl Street, Courtroom 18B
New York, New York 10007

**Re: <u>Zunzurovski v. Fisher et al.; 1:23-cv-10881-DLC</u>**

Dear Judge Cote,

I respectfully submit this letter in response to the letter submitted by the Defendant's Counsel dated March 21, 2024. This writer respectfully asks the Court to review the March 5, 2024, hearing transcript. The Defendant's Counsel is attempting to engage in revisionist history. She contradicted herself on the record. First, she stated that this writer could select any Jam's mediator with NYS Federal Bench experience. Later in the hearing, she said this writer could have chosen any Jams mediator with Federal Bench experience. This writer highlighted the contradiction on the record and highlighted that I had chosen two retired Federal Judges of color, James Ware and Vanessa Gilmore. Both were inexplicably rejected. The Court will notice that she did not respond to this on the record.

Counsel also made several statements concerning my client and her client that are demonstrably false. My client has provided a sworn declaration under penalty of perjury, while her client has provided **nothing**. My clients' kids **never** met or played sports on any team, together or against Defendant Fishers' kids. This is a fact, and if Defendants refute it, then let her file a declaration under penalty of perjury with supporting evidence to prove it.

The defendant's counsel is engaging in doublespeak. On the record, she said that my client traveled from New Jersey to New York 14 times with her client for arbitration with Martin Scheinman. Now, she is trying to backtrack and say that her client never said they traveled together. Defendants' Counsel and Defendant Fisher have provided no supporting evidence or a declaration to refute what my client swore to under penalty of perjury.

Instead, she attempts to deflect, redefine what she said on the record, and claim that this writer somehow did not address the March 5, 2024, court order as it is written. Your Honor did not ask this writer to explain why I did not take Counsel at her word concerning her client's domicile. That question was answered on the record during the March 5th hearing. Your Honor requested an affidavit by Plaintiff regarding his representation to this writer that Fisher is domiciled in New





York and a letter from this writer regarding this writer's compliance with the requirements of Rule 11 in five unrelated cases that were not before this Court. The March 19, 2024, letter addressed the Court's March 5, 2024, Order.

In the end, I respectfully ask that the Court be fair and balanced. If Your Honor is inclined to sanction this writer due to an unintentional error concerning Defendant Fisher's domicile, we ask that Your Honor be equally as inclined to sanction Defendant's Counsel for her intentionally false and contradictory statements she made on the record concerning Plaintiff and Defendant Fisher, as well as the selection of a Jams mediator.

Respectfully submitted,

*Tyrone A. Blackburn, Esq.*
Tyrone A. Blackburn, Esq.

Cc: counsel of record via ECF.

