```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------- X
                                       :        23cv10881(DLC)
ALEKSANDAR ZUNZUROVSKI,                 :
                                       :
                         Plaintiff,     :        OPINION AND ORDER
                                       :
            -v-                         :
                                       :
LIANE FISHER, et al.,                   :
                                       :
                         Defendants.    :
                                       :
--------------------------------------- X
```

APPEARANCES:

For plaintiff:
Tyrone A. Blackburn
T.A. Blackburn Law
1242 East 80th St
Brooklyn NY 11236

For defendant:
Lisa Lynn Shrewsberry
Traub Lieberman Straus & Shrewsbury LLP
Seven Skyline Drive
Hawthorne, NY 10532

DENISE COTE, District Judge:

Attorney Tyrone A. Blackburn filed this action, asserting

that jurisdiction exists pursuant to 28 U.S.C. § 1332.  He did

so without conducting a reasonable inquiry to support that

assertion.  Because this filing appears to be part of a pattern,

he will be referred to this Court's Grievance Committee.

**Background**

Plaintiff filed this legal malpractice action on December 14, 2023, against defendant-attorneys Liane Fisher and Michael J. Taubenfeld, and their law firm Fisher Taubenfeld, LLP.  He did so after being advised by defense counsel that complete diversity of citizenship did not exist because the plaintiff and defendant Fisher are both domiciled in New Jersey.

On February 9, defense counsel requested an immediate conference to discuss, inter alia, adverse counsel's abusive tactics and the lack of subject matter jurisdiction.[1]  Defense counsel submitted the December 15 email she had sent to Blackburn repeating her representation to him that defendant Fischer is domiciled in New Jersey.  In response, Blackburn filed a notice of voluntary dismissal as to defendant Fisher on February 9 and objected to the request for an immediate conference.  Blackburn explained that he had voluntarily dismissed the action as to Fisher even though defense counsel had not produced evidence of Fisher's residence.  The dismissal of Fisher did not solve the question regarding jurisdiction, however, since defendant Fisher Taubenfeld, LLP, takes the citizenship of its partners.  See, e.g., Platinum-Montaur Life

---

[1] The initial conference, scheduled for February 16, had been adjourned at Blackburn's request to March 5.

Sciences, LLC v. Navidea Biopharmaceuticals, Inc., 943 F.3d 613,
615 (2d. Cir. 2019).

An Order of February 15 directed plaintiff's counsel to
show cause why Rule 11 sanctions should not be imposed for his
failure to conduct a reasonable inquiry into the defendants'
citizenship prior to filing the complaint in this action.  The
Order also listed by docket number five other actions Blackburn
had filed in this district that had been dismissed for lack of
jurisdiction or transferred or dismissed for lack of venue.  In
a letter of February 16, Blackburn asserted that he had
researched the addresses for the defendants in the instant
action by using a "Lexis Nexis people search," which showed
Fisher's residence is 225 Broadway.  He added that a search of
the records of the New York Department of State Division of
Corporations showed that Fisher Taubenfeld LLP is a New York
limited liability partnership.

At a conference held on March 5, Blackburn consented to
dismissing the action without prejudice.  Blackburn explained
that he believed that defendant Fisher resided in New York
because his client had told him so and because a LexisNexis
search indicated that Suite 750 at 225 Broadway was her current
residence.  He accepted that what he had done was not an
adequate search for the residence of defendant Fisher or the
residence of each of the partners of the defendant law firm.  He

3

was not prepared to address each of the five cases listed in the February 15 Order.  Blackburn was directed to file by March 19: 1) an affidavit from the plaintiff regarding their discussion of Fisher's residence, and 2) an explanation of his basis for asserting he had complied with Rule 11 in the five cases listed in the February 15 Order.

Blackburn's submission on March 19 ("March 19 Letter") included his client's declaration.  The plaintiff represents that he had told Blackburn that defendant Fisher had "shared with me that she lived 'in the city.'"  Blackburn also presented a description of the five cases which he had filed in this district but which had been dismissed due to a lack of jurisdiction or a change of venue.

## Discussion

Blackburn has, as he admits, failed to meet his Rule 11 obligations in this case.  It appears that this is part of a pattern.  The Court declines to impose sanctions pursuant to Rule 11 or its inherent power but will refer him to this Court's Grievance Committee.  There is a basis to believe that Blackburn is filing cases in this district without diligently investigating the existence of either jurisdiction or venue, as required by Rule 11.

Fed. R. Civ. P. 11(b) provides that by presenting a pleading, written motion, or other paper to the Court, an attorney certifies that to the best of his or her knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, it is not being presented for any improper purpose, such as to harass; that the claims and other legal contentions are warranted by existing law; and that the factual contentions have evidentiary support.  Rule 11 "explicitly and unambiguously imposes an affirmative duty on each attorney to conduct a reasonable inquiry into the viability of a pleading before it is signed."  Gutierrez v. Fox, 141 F.3d 425, 427 (2d Cir. 1998) (citation omitted).  If an attorney alleges jurisdiction "when reasonable inquiry would show that it did not exist, he may be held liable for sanctions substantial in amount."  Id. at 427.  As this Court advised Blackburn, it "may enforce Rule 11 even after the plaintiff has filed a notice of dismissal under Rule 41(a)(1)."  Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 395 (1990).

Blackburn was advised by defense counsel before he filed this action that diversity jurisdiction did not exist because defendant Fisher lives in New Jersey, as does the plaintiff. Blackburn had not done a reasonable investigation to satisfy his Rule 11 obligation to confirm the existence of diversity

jurisdiction before that conversation, but he abjectly failed to do so after that warning.

Blackburn asserts he relied on two sources of information in deciding that Fisher is domiciled in New York:  his client and a LexisNexis search.  He asserts that his client told him that Fisher lived in "New York"; the plaintiff asserts that he told Blackburn that Fisher lived in the "city."  Neither Blackburn nor his client have described a basis from which Blackburn could reasonably rely on his client to know Fisher's domicile for purposes of establishing diversity jurisdiction. Blackburn's reliance on the LexisNexis search was no more reliable.  It listed Suite 1700 at 225 Broadway.  225 Broadway is an office building; indeed, it is the business address of Fisher Taubenfeld LLP, as shown on the firm's website.

Even after conceding that Fisher must be dismissed from this lawsuit because her domicile in New Jersey destroyed diversity jurisdiction, Blackburn sought to pursue this case against her law firm and her law partner.  But, as a partnership, Fisher's domicile in New Jersey meant there was still no diversity jurisdiction for this lawsuit.

This failure to conduct the investigation required by Rule 11 appears to be a pattern.  In the February 15 Order and at the March 5 conference, this Court advised Blackburn that it had identified five cases -- discussed below -- that he had filed in

this district that were dismissed for lack of jurisdiction or
because of a change of venue.  An Order of March 5 directed
Blackburn to file a letter regarding his compliance with the
requirements of Rule 11 in those cases.  Blackburn's March 19
letter response to the March 5 Order does not dispel this
Court's concerns.

     1. Jones v. Fox Rothschild LLP (19cv11573)

     The Jones v. Fox Rothschild LLP action was transferred to
the District of New Jersey in May of 2020, about five months
after Blackburn filed it in December of 2019 in this district.
The defendants were a limited liability partnership organized
under the laws of Pennsylvania with offices in New York and New
Jersey, and an attorney at that firm.  The plaintiff had worked
in the firm's New Jersey offices and represented that she lived
in California when the action was filed.  The Honorable Alvin
Hellerstein, in the order transferring the case, noted that the
case "includes serious allegations of sexual harassment (in New
Jersey), attempted rape (in New Jersey), and potential failures
of the staff of an office (located in New Jersey)," and that the
complaint was "bereft of meaningful reference to New York."  The
only allegations relating to New York were that the attorney-
defendant had sent some of the allegedly improper text messages
to the plaintiff while working out of the firm's New York
office.  In opposing the motion to transfer, the plaintiff had

attempted to salvage venue by filing an affidavit containing allegations that Judge Hellerstein found "hard to credit." 19cv11573 (ECF No. 36 at 3, n.1).

In his March 19 Letter, Blackburn refers to Fox Rothschild's "domicile" as being Pennsylvania, presumably because the firm is organized under Pennsylvania law and based in Philadelphia.  This phrasing suggests that Blackburn continues to misunderstand that unlike a corporation, the citizenship of a partnership is determined by the citizenship of each of its partners.  The March 19 Letter also fails to acknowledge that the lawsuit lacked any meaningful connection to New York.  Blackburn appears to take solace from the fact that Judge Hellerstein did not sanction him for filing an action without proper venue in this district.

   2. Weingarten v. CBS et al (20cv2598)

As in Jones, in Weingarten v. CBS, the events alleged in the complaint occurred outside of New York.  Blackburn filed the Weingarten action in March of 2020.  Defense counsel had advised plaintiff's counsel to withdraw the case and re-file it in the Western District of Pennsylvania, where the events had occurred; plaintiff had refused to do so.  The defendants then moved to dismiss.  CBS's motion to dismiss quoted Judge Hellerstein's language from Jones and noted that "[p]laintiff's counsel has recently encountered this same issue."  20cv2598 (ECF No. 28 at

8).  On January 13, 2021, the parties agreed to dismiss the action in its entirety with prejudice.

In his March 19 Letter, Blackburn states that his involvement in Weingarten was limited to filing a pro hac vice motion for an out-of-state attorney, and that he "did not sign the complaint" or the motion papers.  But his electronic signature does in fact appear on the initial complaint, the amended complaint (which was filed after the pro hac motion was granted), and the memoranda in opposition to each defendant's motion to dismiss.  20cv2598 (ECF No. 1 at 20; No. 23 at 19; No. 36 at 23; No. 44 at 19).  Even if he was not the only or even the lead attorney on the case, Rule 11's requirements apply to any attorney who "present[s] to the court a pleading, written motion, or other paper -- whether by signing, filing, submitting, or later advocating it."  Ipcon Collections LLC v. Costco Wholesale Corp., 698 F.3d 58, 63 n.6) (quoting Fed. R. Civ. P. 11(b)) (emphasis supplied).

### 3. von der Schmidt et al. v. Higgins et al. Actions -- 23cv3389 ("April von der Schmidt Action") and 23cv3919 (May von der Schmidt Action")

The two von der Schmidt actions asserted subject matter jurisdiction based on diversity of citizenship.  The April von der Schmidt Action was filed on April 21, 2023, and dismissed by the Honorable Jesse Furman for lack of subject-matter jurisdiction on May 4, 2023.  As Judge Furman wrote, the

plaintiffs amended their complaint twice at the Court's direction, "but still failed to allege the <u>citizenship</u> of every party.  Plaintiffs allege the residence of themselves and the individual defendants . . . but, as the Court has repeatedly admonished, allegations of residency alone are insufficient." 23cv3389 (ECF No. 9).

A mere six days later, the same plaintiffs, still represented by Blackburn, filed the <u>May von der Schmidt Action</u> against the same defendants.  23cv3919 (ECF No. 1).  That action was assigned to the Honorable Kevin P. Castel.  In a November 30, 2023 Order, Judge Castel noted that Blackburn, "on behalf of his clients, invokes the Court's diversity jurisdiction but in doing so -- and despite the recent dismissal of an overlapping claim against substantially the same defendants before Judge Furman -- he fails to allege the citizenship, i.e. the domicile, of his clients."  23cv3919 (ECF No. 38 at 2).  Judge Castel further noted that the complaint "artfully" disclosed the residency and national citizenship of each plaintiff but not their domicile.  <u>Id.</u>  There was also a failure to allege the place of incorporation and principal place of business of the corporate defendant.

Judge Castel thus ordered the plaintiffs to produce supporting affidavits indicating when the change in domicile had

occurred,[2] the states in which plaintiffs filed their tax returns, and the state of their voter registrations and drivers' licenses.  In a December 3 letter, Blackburn indicated that the plaintiffs could not produce the required information and therefore requested that the Court dismiss the case without prejudice.  Judge Castel did so on December 18, with the caveat that, "[i]n the event a new action is filed in this Court raising factually related claims against any of the named defendants, plaintiffs' counsel shall mark the civil cover sheet of the new action as related to this action and request that it be assigned" to Judge Castel.  23cv3919 (ECF No. 40).

In his March 19 Letter to this Court, Blackburn blamed the complaint's failure to properly allege diversity jurisdiction in the von der Schmidt Actions on the allegedly erratic behavior by one of the plaintiffs in that case.  He adds that he had sought to withdraw as counsel for the plaintiff in the May von der Schmidt Action.

4. Emanuel v. Harron et al (23cv4211)

Meanwhile, Blackburn filed the Harron case on May 21, 2023 -- 17 days after Judge Furman's "repeated[] admonish[ments]" about the failure to properly allege citizenship in an action

---

[2] The November 30, 2023 Order indicated that the plaintiffs had recently alleged their domicile as New York, but were now alleging it was California.

based on diversity.  23cv3389 (ECF No. 9).  The <u>Harron</u>
complaint, brought on behalf of a New York plaintiff, asserted
the existence of diversity jurisdiction on the basis of the
individual defendant's alleged domicile in New Jersey.  Roughly
four months later, on September 25, Blackburn requested that the
Honorable John Cronan, to whom the case had been assigned,
dismiss the case without prejudice because of a lack of complete
diversity.

     In the interim, Blackburn had been pursuing entry of a
default judgment against the defendants.  On September 19,
however, an attorney for the defendants advised the Court that
the individual defendant was a long-time resident of New York
who is registered to vote in New York and has a New York
driver's license.  Defense counsel added that the location where
service on the defendant was attempted was a virtual office in
New Jersey.  Defense counsel sought to file a motion to dismiss
on multiple grounds, including lack of subject matter
jurisdiction, and to file a motion to strike scandalous and
irrelevant allegations attributing racism to the defendants.

     In his September 25 letter to Judge Cronan requesting
dismissal of the action, Blackburn explained that his client
"knew" Harron's domicile to be 35 Journal Square, 4th floor,
#4006, in Jersey City.  That address is an office building.  A
simple Google search confirms as much -- as does the Proof of

Service filed by Blackburn as an exhibit to his motion for
default judgment.

Blackburn claims in his March 19 Letter to this Court that
the address "was corroborated by a skip trace search conducted
by my process serving company".  He adds that he had "several"
telephone conversations with the defendant in which she
confirmed to him that she resided at the Journal Square address.
Blackburn asserts that the Harron case was the only case of the
five listed in the February 15 Order in which he erred regarding
an individual defendant's domicile.

5. The Instant Action

Just 11 days after filing the December 3, 2023 letter
admitting he could not establish diversity in the May von der
Schmidt Action, Blackburn filed the complaint in this case. As
Blackburn has admitted, he failed to comply with his Rule 11
obligations in doing so.  Blackburn argues, however, that
neither he nor his client gained anything by filing this case in
federal instead of state court.  The record in this case, and
the history of his other cases in this District, contradict that
claim.

At the March 5 conference, defense counsel reported that
Blackburn had told her he filed this case in federal court
because doing so would make the press more likely to pick up on
it.  A reasonable inference from Blackburn's pattern of behavior

is that he improperly files cases in federal court to garner
media attention, embarrass defendants with salacious
allegations, and pressure defendants to settle quickly.  Indeed,
his submissions to this Court have been rife with disturbing
allegations against the defendants and defense counsel.
Blackburn has called defense counsel in this action a
"disgusting racist" for rejecting his preferred mediators.  In
response to this Court's Order requiring plaintiff to submit an
affidavit "regarding the representation made by the plaintiff to
counsel regarding Fisher's residence," Blackburn filed a wholly
inappropriate 53-paragraph affidavit containing multiple
irrelevant and scandalous accusations against Fisher.

Regardless of Blackburn's intentions, his actions in this
and prior cases indicate a repeated failure to meet his Rule 11
obligations.  Cf. Storey v. Cello Holdings, LLC, 347 F.3d 370,
387 (2d Cir. 2003) ("[T]he standard for triggering the award of
fees under Rule 11 is objective unreasonableness, and is not
based on the subjective beliefs of the person making the
statement." (citation omitted)).  Significant resources have
been spent by judges of the Court and defendants named in
actions he has filed to address glaring deficiencies in his
filings.  A referral to this Court's Grievance Committee is
warranted.

## Conclusion

Tyrone A. Blackburn is referred to the Grievance Committee
of this district for such action as it deems appropriate.

Dated:     New York, New York
           April 3, 2024

                                    _____
                                         DENISE COTE
                                    United States District Judge

15